IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**DENNIS JOEL DE PAOLI,**
    **Plaintiff,**
v.                                                                                   **CASE NO. 1:06CV83-SPM/AK**

**BERMUDA BAY BEACH, et al,**
    **Defendants.**

**DENNIS JOEL DE PAOLI,**
    **Plaintiff.**
v.                                                                                   **CASE NO. 1:06CV84-SPM/AK**

**FIRST RESOURCE FINANCIAL, et al,**
    **Defendants.**

**DENNIS JOEL DE PAOLI,**
    **Plaintiff.**
v.                                                                                   **CASE NO. 1:06CV85-SPM/AK**

**WHITECO INDUSTRIES, et al,**
    **Defendants.**

**DENNIS JOEL DE PAOLI,**
    **Plaintiff.**
v.                                                                                   **CASE NO. 1:06CV86-SPM/AK**

**INLAND STEEL, et al,**
    **Defendants.**

**DENNIS JOEL DE PAOLI,**
    **Plaintiff.**
v.                                                                                   **CASE NO. 1:06CV94-MMP/AK**

**FIRST NATIONAL REALTY, et al**
    **Defendants.**

**DENNIS JOEL DE PAOLI,**
    **Plaintiff,**
v.                                    **CASE NO. 1:06-cv-00117-MP-AK**

**KATHLEEN WOLF, et al,**
    **Defendants.**
_____/

## REPORT AND RECOMMENDATIONS

Plaintiff is presently being held at the North Florida Evaluation and Treatment Center for a determination of his competency to stand trial in state court on several counts, including burglary, stalking, and domestic battery. (See habeas petitions in 1:06CV09). Since his commitment to NFETC, Plaintiff has filed six civil lawsuits in this Court, which are now presently pending: De Paoli v. Bermuda Bay Beach Condominiums, No. 1:06CV83-SPM/AK (although he claims to be an owner of the condominiums he is suing, he alleges that the condo association hires illegal aliens and has not paid taxes); De Paoli v. First Resource Financial Corp., No. 1:06CV84-SPM/AK (Plaintiff asserts violations of the "Organized Crime Act and RICO" against Ford Motor Company and others for approving fraudulent billing and engaging in possible drug smuggling); De Paoli v. Whiteco Industries, No. 1:06CV85-MMP/AK (Plaintiff asserts antitrust violations against Defendant for interfering with Plaintiff's development of the "Castle of Polgardi in Hungary" and interfering with Plaintiff's lifelong membership in a health club); De Paoli v. Inland Steel, No. 1:06CV86-SPM/AK (he asserts antitrust violations against Defendant over a lost construction bid); De Paoli v. First National Realty of Chicago, No. 1:06CV94-MMP/AK (he asserts claims of bank fraud claiming his company was asked to violate transportation laws and to bribe a judge in connection with construction work done on a shopping center in Illinois); De Paoli v. Wolf, et al, No.

1:06CV117-MMP/AK (he asserts due process violations against 24 defendants, including his wife, several judges and public defenders, in connection with his commitment).

Plaintiff has sought leave to proceed *in forma pauperis* in all six lawsuits (except in 1:06CV94, where no motion was submitted with the complaint), and been granted such leave for a total assessment of $1750.00 in filing fees.

The Court has reviewed all of these complaints in an effort to understand the nature of Plaintiff's claims and to determine the best course of relief to be afforded this person.  After said review, the Court is of the opinion that the suits should all be dismissed, and no further complaints should be accepted for filing by this Plaintiff without prior review.  It is obvious from some of the claims that Plaintiff's mental condition is not yet stabilized, and it would be a waste of judicial resources to process these cases or to accept future filings without prior review.  For example, he claims that Terry Schiavo was his adopted daughter (doc. 7 in 1:06CV83); that he met with Pope John Paul II to discuss his world relief organization (doc. 1 in 1:06CV117; doc. 7 in 1:06CV83); and contends that he is the owner of several businesses around the world, yet indicates no income from any sources in the motions filed concerning his paupers status.  It would also be fundamentally unfair to allow collection of the filing fees for these several lawsuits, when it is obvious that Plaintiff is presently suffering from a condition for which he is being treated, and which renders him unable to adequately conduct his personal and legal business.

The Supreme Court in Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833,

104 L. Ed. 2d 338 (1989) recognized that a district court could *sua sponte* dismiss a case filed *in forma pauperis* (pursuant 28 U.S.C. § 1915(d)) if it was satisfied that the action was frivolous or malicious.[1]  Neitzke recognized two types of cases which may be dismissed, *sua sponte*.  In the first class are "claim(s) based on an indisputably meritless legal theory," and in the second class are "those claims whose factual contentions are clearly baseless."  *Id.*  Within the former are those cases in which it is either readily apparent that a complaint lacks an arguable basis in law or that defendants are clearly entitled to immunity from suit.  Within the latter are those cases describing scenarios clearly removed from reality.  Sultenfuss v. Snow, 894 F.2d 1277 (11th Cir. 1990)(citing Neitzke).

In light of the foregoing, it is respectfully **RECOMMENDED** that all of the above cases be **DISMISSED** for failure to state a claim upon which relief may be granted and that the Orders entered in each of the cases granting leave to proceed in forma pauperis and assessing a filing fee be **VACATED**.  It is also **RECOMMENDED** that at the present time the Clerk of Court **not** accept any further filings from this Plaintiff without prior court review.

**IN CHAMBERS** at Gainesville, Florida, this *11th* day of July, 2006.

*S/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] 28 U.S.C. § 1915(d) was redesignated § 1915(e) by the Prison Litigation Reform Act.

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.